IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW J. SERRANO,

       Plaintiff,

vs.                                                                                                      No. CIV 04-0575 JB/DJS

ANN M. VENEMAN, a Secretary
United States Department of Agriculture,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff Andrew J. Serrano's Motion and Memorandum to Stay Proceedings Pending Adjudication of Appeal for Violations of Merit Systems Protection Board Settlement Agreement, filed October 19, 2005 (Doc. 29). The Defendant filed a Response to Plaintiff's Motion to Stay Proceedings on November 7, 2005, and certified that it mailed a copy of the response to opposing counsel on the same day. See Response to Plaintiff's Motion to Stay Proceedings at 4 (Doc. 34). Serrano has not filed a reply within the time period pursuant to D.N.M.LR-Civ. 7.6(a), nor has he filed a motion for an extension of time within the time period allowed.

## FACTUAL BACKGROUND

In September of 1998, the parties entered a settlement agreement -- the United States Merit Systems Protection Board ("MSPB") Settlement Agreement -- which sets forth as two of its express terms the following:

> 3. The parties agree that this agreement shall be entered into the record for enforcement purposes by the Board, and that the Board shall retain full enforcement authority on issues of compliance.

\* \* \* \*

9. The parties agree that the terms of this settlement agreement will remain confidential and will not be discussed with, disclosed or released to any individual unless necessary to effectuate the agreement.

See MSPB Settlement Agreement ¶ 3, 9 at 1, 3 (not dated); Plaintiff's Motion and Memorandum to Stay Proceedings Pending Adjudication of Appeal for Violations of Agreement ("Motion to Stay") at 1.

## PROCEDURAL BACKGROUND

The Defendant filed a motion for summary judgment on August 31, 2005. See Motion for Summary Judgment (Doc. 21). Although Serrano's response was due on September 14, 2005, Serrano did not file a response within the time frame allowed by the rules. The Defendant filed a Notice of Completion on September 19, 2005. See Notice of Completion of Defendant's Motion for Summary Judgment (Doc. 24).

The Court set a hearing on the Defendant's Motion for Summary Judgment for September 30, 2005. See Notice of Motion Hearing at 1, filed August 21, 2005 (Doc. 25). Weeks after his due date, and two days before the scheduled hearing, Serrano filed a response. See Plaintiff Andrew J. Serrano's Response to Defendant's Motion for Summary Judgment ("Response to Summary Judgment"), filed September 28, 2005 (Doc. 26). Serrano briefly raised the issue of a violation of the MSPB Settlement Agreement in his Response, and pointed the Court to his Motion to Stay Proceedings for his in depth argument on the alleged violation. See id. at 10-11, 17. Even though Serrano referenced his Motion to Stay in his Response, he did not file his Motion to Stay until October 19, 2005. See Motion to Stay.

Serrano again raised the issue of a violation of the MSPB Settlement Agreement at the

October 20, 2005 hearing on the Motion for Summary Judgment. <u>See</u> Transcript of Hearing at 6:16 (taken October 20, 2005).[1]  At the hearing, Serrano confirmed that he had not yet filed with the MSPB, but indicated it would be soon. <u>See</u> Transcript of Hearing at 8:17-22.

In this Motion, Serrano requests a stay of these proceedings pending Serrano's filing of an appropriate motion with the MSPB for violation of a settlement agreement entered into between the parties in September of 1998. <u>See</u> Motion to Stay at 1. Serrano has not yet given the Court notice of filing any such motion with the MSPB. Trial is scheduled for December 12, 2005. <u>See</u> Order Granting Plaintiff's Unopposed Motion to Continue Trial Setting for November 14, 2005 at 1, filed November 1, 2005 (Doc. 32). On the record before the Court, Serrano has not filed any proceedings with the MSPB.

## ANALYSIS

Serrano contends that the Defendant, by citing and relying upon the MSPB Settlement Agreement in his motion for summary judgment, has violated the settlement agreement's terms and conditions. <u>See</u> Motion to Stay at 2. Specifically, Serrano argues that the Defendant breached the MSPB Settlement Agreement's confidentiality provision. <u>See id.</u> Serrano asserts that he is therefore entitled to seek relief for this violation by petitioning the MSPB, which has enforcement authority pursuant to the agreement's terms and conditions. <u>See id.</u> Serrano maintains that the MSPB Settlement Agreement is important to much of the Defendant's argument, so that the resolution of a petition for enforcement to the MSPB would be determinative of the evidence on which the Defendant would be allowed to rely in these proceedings. <u>See id.</u> Serrano contends that a stay of

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

these proceedings is therefore appropriate. See id. at 5.

In addition to this alleged confidentiality breach, Serrano argues that the Defendant's reliance on the settlement agreement to bolster its argument that Serrano's conduct gave rise to a decision not to select him for the Hotshot Superintendent position also constitutes a violation of the agreement. See id. at 2 (citing Davis v. Department of Veterans Affairs, Nos. NY-0752-95-0004-C-1, NY-0752-95-0006-C-1, 1996 MSPB LEXIS 210 (MSPB March 1, 1996)(finding that disciplinary action violated a settlement agreement where it was predicated on the same alleged conduct that was supposedly resolved in the previous settlement agreement). Serrano argues that the reliance by the Defendant on the past alleged sexual misconduct may show pretext as it is evidence of a disturbing procedural irregularity, or is evidence of a violation of established policies and procedures. See Motion to Stay at 3.

Finally, Serrano argues that judicial economy and efficiency is the essence of his Motion to Stay. See Transcript of Hearing at 7:22-25.

The Court will deny the Motion to Stay. First, the Court believes that the violation of the MSPB Settlement Agreement is not determinative to these proceedings, because even if a violation did occur, such violation does not show pretext.[2] Serrano has filed an action under Title VII based on discrimination of national origin and race, and retaliation. See Complaint for Discrimination and Reprisal/Retaliation, filed May 21, 2005 (Doc. 1). Even if Serrano has some remedy for the alleged breach of the settlement agreement, that does not necessarily mean the Defendant violated Title VII

---

[2] A more in depth analysis of why a violation of the MSPB Settlement Agreement does not show pretext, and is not a procedural irregularity sufficient to show pretext, is found in the Court's Memorandum Opinion and Order granting the Defendant's Motion for Summary Judgment at 22-23, 26-29, filed November 30, 2005.

or unlawfully discriminated against Serrano, or is entitled to relief under the discrimination claim. The Court has all of the facts before it to decide whether the Defendant's reliance on Serrano's past alleged sexual misconduct shows pretext in the Title VII context. The Court does not need an MSPB determination whether such reliance constituted a violation of the agreement for the Court to determine whether such reliance shows pretext.

Second, the contention that the reliance by Matarrese shows pretext is only one part of these proceedings. The Court does not believe that staying the action until the MSPB determines whether there is a violation of the MSPB Settlement Agreement will result in judicial economy and efficiency.

Finally, Serrano has not yet filed notice that informs the Court that he has filed any motion with the MSPB. Serrano represented to the Court that such a motion could be filed as soon as October 20, 2005. See Transcript of Hearing at 8:17-22. More than a month has passed and Serrano has not notified the Court of any such filing. Additionally, Serrano's time to file a reply in support of this motion has passed. With trial set for December 12, 2005 -- two weeks away -- the Court should not make the Defendant wait indefinitely for Serrano to file a reply on the motion or to file a proceeding with the MSPB. Because Serrano has not yet -- on the record before the Court -- filed any proceeding with the MSPB, the Court does not believe it is appropriate for it to stay this case and avoid deciding the Defendant's motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Serrano could have gone to the MSPB as early as August 31, 2005, when the Defendant filed

its motion for summary judgment. Despite indicating that he would go to the MSPB, Serrano has apparently not done so. It appears that Serrano is belatedly raising this issue to avoid the Court ruling on the motion for summary judgment or trial itself. While it is generally the defendant that seeks to stay a plaintiff's case, a defendant is entitled to a ruling on a motion for summary judgment when that defendant has established that there is no genuine issue of material fact, and the plaintiff has failed to show otherwise. See Jennings v. City of Stillwater, 383 F.3d 1199, 1215 (10th Cir. 2004)("The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")(citation omitted)(Internal quotations omitted); Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193, 1196 (10th Cir. 2005)(citation omitted). Serrano has not, with his delays, presented the Court with a compelling case for delaying a ruling on the Defendant's motion for summary judgment.

**IT IS ORDERED** that the Plaintiff's Motion and Memorandum to Stay Proceedings Pending Adjudication of Appeal for Violations of Merit Systems Protection Board Settlement Agreement is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Dennis W. Montoya
Montoya Law Inc.
Rio Rancho New Mexico

   *Attorney for the Plaintiff*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Michael H. Hoses
  Assistant United States Attorney
    for the District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Defendant*